**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| CALIFORNIA NATIVE PLANT SOCIETY; et al., | No. 14-15677 |
| Plaintiffs - Appellants, | D.C. No. 4:06-cv-03604-PJH |
| v. | MEMORANDUM[*] |
| U.S. ENVIRONMENTAL PROTECTION AGENCY; et al., | |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Northern District of California
Phyllis J. Hamilton, Chief District Judge, Presiding

Argued and Submitted March 17, 2016
San Francisco, California

Before: McKEOWN, WARDLAW, and BYBEE, Circuit Judges.

The California Native Plant Society, the Defenders of Wildlife, and the

Butte Environmental Council (together, "California Native") appeal the district

court's order granting their motion for attorneys' fees, arguing that the court

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

abused its discretion in reducing the amount of fees awarded. We have jurisdiction under 28 U.S.C. § 1291, and we affirm in part and reverse in part.

1. The district court abused its discretion in denying California Native's request for fees in excess of the statutory maximum rate. In finding that counsel's environmental expertise was not necessary, the district court improperly focused solely on the preliminary injunction proceedings instead of analyzing the case as a whole. *See NRDC v. Winter*, 543 F.3d 1152, 1161 (9th Cir. 2008). Considering the totality of the circumstances, counsel's "expertise with a complex statutory scheme," *Pirus v. Bowen*, 869 F.2d 536, 541 (9th Cir. 1989), and knowledge of vernal pool habitats was vital to the success of this litigation. *Cf. Winter*, 543 F.3d at 1161; *Love v. Reilly*, 924 F.2d 1492, 1496 (9th Cir. 1991).

2. The district court did not abuse its discretion in reducing the lodestar to reflect California Native's partial success. "A reduced fee award is appropriate if the relief, however significant, is limited in comparison to the scope of the litigation as a whole." *Hensley v. Eckerhart*, 461 U.S. 424, 440 (1983). The jurisdictional discovery was not relevant to California Native's successful claim, and the district court "provide[d] a clear and concise explanation to justify" its decision to estimate and exclude the attorney hours dedicated to that discovery. *Gonzalez v. City of Maywood*, 729 F.3d 1196, 1205 (9th Cir. 2013).

2

Because we affirm in part and reverse in part, each party shall bear its own costs on appeal.

**AFFIRMED IN PART; REVERSED IN PART; REMANDED.**